**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| **BARISTA PARLOR LLC;** | ) | Case Numbers |
| **BARISTA PARLOR HOLDINGS LLC; and** | ) | 3:26-bk-05105 |
| **BARISTA PARLOR ROASTING LLC.** | ) | 3:26-bk-05106 |
| | ) | 3:26-bk-05107 |
| Debtors. | ) | |
| | ) | Judge Charles M. Walker |
| ***JOINT ADMINISTRATION REQUESTED*** | ) | |

**VERIFIED DECLARATION OF ANDREW MUMMA**

The Debtors, Barista Parlor LLC ("Barista Parlor"), Barista Parlor Roasting LLC ("Roasting"), and Barista Parlor Holdings, LLC ("Holdings") (together, the "Debtors"), respectfully submit, pursuant to Local Rule 9075-1, this Verified Statement justifying the setting of a hearing on shortened notice on the *Motion for Entry of Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Joint Administration Motion").

**VERIFIED STATEMENT**

I, Andrew Mumma, hereby swear under penalty of perjury as follows:

1. I am the founder and Managing Member of each of the Debtors. I hold approximately 68% of the membership interests in Holdings, which owns all of the membership interests in Barista Parlor and Roasting.

2. I have reviewed the *Company Profile* (the "Company Profile") filed in these cases. I provided or reviewed the information contained therein, and it is true and accurate to the best of my knowledge. All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Company Profile.

3. I provide this statement in support of the Joint Administration Motion.

4. Holdings is the parent of Barista Parlor and Roasting. As described in the Company Profile, Barista Parlor is the operating company. It operates the East Nashville Location, administers the license arrangements at the W Nashville hotel and the Nashville International Airport, roasts coffee on Roasting's equipment, employs the group's four hourly employees, and maintains the only operating bank account in the group. All of the Debtors' receipts and disbursements run through that account. Roasting owns the Debtors' coffee roaster and related equipment; its bank account was closed in March 2026 and had not been used since January 2026. Holdings has no employees, no operations, and no bank account.

5. Substantially all of the Debtors' debt is either shared among the Debtors or owed by Barista Parlor. FirstBank's notes are secured by the assets of all three Debtors and guaranteed by each of them and by me. The merchant cash advance funders, the Tennessee Department of Revenue, and several vendors appear on more than one Debtor's schedules, and the group's income has been reported on a single partnership return filed by Holdings.

6. Because the three cases are so closely related and the matters to be addressed at the outset of these cases will be the same in each, joint administration should be approved on an expedited basis. Without prompt entry of a joint administration order, the Debtors and parties in interest will be required to monitor three dockets and to file and serve every pleading three times, increasing cost and confusion at a critical time in these cases and for estates of modest size. The Debtors intend to seek substantive consolidation and to file a single plan within the 90-day period set by 11 U.S.C. § 1189(b), and joint administration is the first step toward that result.

7. The Joint Administration Motion therefore should be heard on shortened notice.

## VERIFICATION

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 21st day of October, 2026.

/s/ Andrew Mumma
Andrew Mumma